UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KELLY USANOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICANA, LLC, a Nevada company,<br><br>Defendant. | Case No. 2:23-cv-01289-RFB-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 42) that seeks permission to file a second amended class action complaint. ECF No. 42-1. The Court considered the Motion, Defendant's Opposition (ECF No. 46), and Plaintiff's Reply (ECF No. 49).

**I.    The Parties' Arguments**

This case commenced on August 18, 2023, when Plaintiff filed her original Complaint (ECF No. 1). In that Complaint, Plaintiff asserts two class claims alleging violations of the Telephone Consumer Protection Act (the "TCPA") by Defendant Americana, LLC dba Berkshire Hathaway HomeServices Nevada Properties ("BHHS"). *Id*. The class claims were titled the "Do Not Call Registry Class" and the "Internal Do No Call Class." *Id*. ¶ 83. After BHHS moved to dismiss Plaintiff's Complaint, Plaintiff filed a First Amended Complaint ("FAC"). ECF Nos. 12, 23. BHHS then moved to dismiss the FAC (ECF No. 26), followed by Plaintiff voluntarily dismissing her "Internal Do Not Call Class" claim. ECF No. 34. The Motion to Dismiss the FAC remains pending.

Plaintiff's proposed Second Amended Complaint (the "SAC") reasserts the "Do Not Call Registry Class," as well as the dismissed "Internal Do Not Call Class" and a new "Pre-Recorded No Consent Class." ECF No. 42-1. Plaintiff argues that granting the SAC will not prejudice BHHS because BHHS is not required "to defend against 'different legal theories' and 'different facts' or claims." ECF No. 42 at 4. While not stated, the Court presumes this argument is founded on the proposition that the same statute (albeit different subsections) underlies Pre-Recorded Class as underlies Plaintiff's other class claims. Plaintiff adds to her argument in favor of amendment that:

1

1  (1) Defendant has not conducted any discovery; (2) the amendment is not unduly delayed because there is no deadline currently set for amending the pleadings and the information on which the amendment is based was "recently discovered"; (3) the amendment is not futile because Plaintiff "already sufficiently alleged Defendant's vicarious liability" and the new allegations "seek[] to bolster this conclusion"; (4) this is only the second time Plaintiff seeks to amend; and (5) there is no evidence of bad faith given the amendment is sought based on newly learned facts. *Id*. at 4-5.

BHHS' Response focuses on futility, argues the facts, and contends Plaintiff cannot demonstrate BHHS is vicariously liable for conduct of its agents given BHHS "instructed" the agents "not to call Plaintiff on any of her numbers listed on the" National Do Not Call Registry (the "NDNCR"). ECF No. 46 at 8. BHHS contends Plaintiff admits it gave the "do not call" instruction to its agents and says it "defies logic" that it would give such direction and then grant authority (actual or apparent) to violate the directive. *Id*. at 9. BHHS says this same logic applies to ratification of the calls. *Id*. Without citation to law in support of its argument, BHHS takes issue with two cases cited by Plaintiff and says "courts in this Circuit have found" Plaintiff's allegations "insufficient to establish vicarious liability."[1] *Id*. BHHS concludes Plaintiff's SAC falls "well short" of what is required "to sufficiently plead vicarious liability under the TCPA …." *Id*. at 10. Plaintiff makes the identical "insufficiently pleaded" argument with respect to Plaintiff's Pre-Recorded No Consent Class, again citing no law and instead incorporating its Motion to Dismiss. *Id*. at 10-11.

Turning to the remaining factors typically considered when ruling on a motion to amend, BHHS contends Plaintiff delayed this filing because all of the allegedly new information was available to Plaintiff before the original Complaint was filed. BHHS says the video to which Plaintiff refers was quoted in Plaintiff's original Complaint as was the "telemarketing guidebook" (the "Book of Everything"). *Id*. at 11-12. With respect to the pre-recorded message left on Plaintiff's phone, BHHS argues because Plaintiff can identify the date, time, caller, and her response to the message (none), "it defies logic" that Plaintiff did not know until recently that the message was pre-recorded. *Id*. at 12.

---

[1] BHHS cites to ECF No. 26 at 10:7-12:5 in support of this proposition.

1    BHHS turns to prejudice arguing Plaintiff's Pre-Recorded No Consent Class is a different legal theory requiring proof of different facts. *Id*. BHHS also argues it incurred significant costs investigating Plaintiff's original theories and will now have to investigate anew. *Id*. at 13. Finally, BHHS argues the reassertion of a previously dismissed claim is dilatory and evidence of bad faith. *Id*. at 13-14.

Plaintiff's Reply does not mention the reassertion of her previously dismissed claim, which the Court finds surprising. *See* ECF No. 49. Although this claim was dismissed without prejudice, Plaintiff's lack of explanation for reassertion leaves the Court wondering if Plaintiff is paying attention to her pleadings. Plaintiff also admits she has been aware of the BHHS video and Book of Everything, to which she more substantially cites in the SAC, since before she filed her original Complaint. *Id*. at 1-2. Plaintiff says her new allegations include the names of specific agents whose responses to subpoenas are "consistent with Defendant's directions" given in these sources. *Id*. at 2-3. Plaintiff reiterates that she pleaded sufficient facts to allege vicarious liability, while her new facts "demonstrate … BHHS controlled the means and manner of its agents' calls." *Id*. at 4-5.

More interesting to the Court is that Plaintiff received documents from one BHHS agent showing the agent called her "using a prerecorded message delivering dialer." *Id*. at 2. Plaintiff says this fact allows her to "specifically" allege "BHHS directed agents to use dialers with the capacity to transmit prerecorded voicemails," which Plaintiff now knows at least one agent did. *Id*. at 6-7,

Responding to BHHS' delay, prejudice, and, dilatory motive argument, Plaintiff says she moved to amend as soon as she learned the newly alleged facts in her SAC; Plaintiff has not sought any discovery from BHHS and BHHS has sought no discovery from her or third parties; and seeking to hold BHHS liable for TCPA violations within the statute of limitations does not support a finding of prejudice. *Id*. at 6-7.

**II.    Discussion**

The Court is guided by Federal Rule of Civil Procedure 15(a) stating "leave shall be freely given when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

3

Generally, courts should assess whether to grant a motion to amend by drawing "all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). Instead, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Further, the futility factor requires the opposing party to demonstrate there is no set of facts that can be proved under the amendment constituting a valid claim or defense. *Brown v. Wells Fargo Bank N.A.*, CV 16-642-DMG (AGRx), 2017 WL 3048649, at *1 (C.D. Cal. Apr. 19, 2017) (internal citations omitted) ("Futility of amendment alone warrants denial of leave to amend, but the party opposing amendment must show that no set of facts can be pled or proved that would give rise to a valid claim or defense). *See also Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Addressing prejudice first, BHHS claims the increase costs associated with investigating the new class claim (the Pre-Recorded No Consent Class) will be substantial. However, this is not the type of prejudice recognized as being sufficient to deny leave to amend. *Ashcraft v. Welk Resort Grp., Corp.*, Case No. 2:16-cv-02978-JAD-NJK, 2018 WL 357850, at *2 (D. Nev. Jan. 10, 2018). The Court further finds discovery was stayed in this matter on November 28, 2023 pending the outcome of Motions to Dismiss and Strike Class Allegations. ECF No. 33. Thus, Plaintiff's proposed amendment to include a new class claim—albeit the Court agrees it is a new theory requiring new proof—will not result in prejudice as no discovery will need to be duplicated or repeated. *Whitaker v. Countrywide Financial Corp.* Case No. CV CAS 09–5898 (PJWx), 2011 WL 13187164, at *4 (C.D. Cal. May 5, 2011). The Court is also mindful that Plaintiff amended her Complaint once before. ECF No. 23. This occurred just two months after the case commenced (*compare* ECF No. 1) and before Plaintiff conducted any third party discovery on BHHS' agents

4

that revealed new facts—most specifically facts related to the use of pre-recorded messages. Prior amendments may persuade a court to deny a motion for leave to amend when no new facts, only new theories are presented, and there is no explanation for the failure to develop the facts originally. *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). Here, of course, Plaintiff presents new facts developed as the result of third party subpoenas to BHHS' agents. ECF No. 49 at 2-3. These facts were not available to Plaintiff before this case commenced allowing Fed. R. Civ. P. 45 subpoenas to be issued.

BHHS' futility argument relies most heavily on the contention that Plaintiff's allegations fail to state claims upon which relief can be granted. While a motion to amend may be denied where a party "fails to 'state a claim to relief that is plausible on its face' … a motion to amend must be must be viewed through the lens of the requirement that courts 'freely give leave to amend when justice so requires.' Fed. R. Civ. P. 15(a)(2)." *Barber v. Select Rehabilitation, LLC*, Case No. 3:18-cv-01235-SB, 2019 WL 2028519, at *1 (D. Ore. May 8, 2019) (certain internal citations omitted). Further, well settled law dictates arguments regarding sufficiency of the pleadings is "more appropriately addressed in a motion to dismiss." *Id*. BHHS vociferously argues the evidence on which Plaintiff relies in the SAC demonstrates it cannot be held vicariously for its agents' violations of the TCPA, thus rendering Plaintiff's amendment futile. ECF No. 46 at 7-10. But a review by the Court of these facts shows they (1) are disputed, and (2) do not demonstrate that Plaintiff's claims will necessarily fail. As Plaintiff points out, BHHS' policies do not necessarily insulate them from liability. *Bumpus v. Realogy Brokerage Grp. LLC*, Case No. 3:19-cv-03309-JD, 2022 WL 867256 (N.D. Cal. Mar. 23, 2022); *Bumpus v. Realogy Brokerage Grp. LLC*, Case No. 3:19-cv-03309-JD, 2022 WL 1489470 (N.D. Cal. May 11, 2022). Plaintiff alleges receiving twelve unsolicited calls from BHHS agents over a three month period of time. ECF No. 42-1 ¶¶ 62-85. Plaintiff also alleges she received at least one pre-recorded message from an agent that she did not know was pre-recorded until a response to her subpoena was returned. *Id*. ¶ 82. Plaintiff alleges BHHS did not provide instructions to its agents not to use prerecorded voicemails. ECF No. 49 at 6-7. While BHHS says it defies logic that Plaintiff did not know the call she received from Agent Gibson was pre-recorded,

the Court finds this is a question of fact that cannot be decided based on arguments opposing a motion to amend.

In sum, the Court finds BHHS has not demonstrated there is no set of facts Plaintiff could plead that would state a claim under the TCPA. Thus, the Court finds BHHS has not met its burden of demonstrating futility.

Finally, with respect to dilatory motive and bad faith, the Court is not fond of the fact that Plaintiff repleads a claim she previously dismissed, fails to provide any reason for doing so, and ignores this issue in her Reply. However, on this occasion, the Court will treat Plaintiff's repleading of a dismissed claim as oversight because there is nothing to suggest there was an impermissible motive or improper purpose for doing so. The Internal Do Not Call Class was dismissed without prejudice. ECF No. 34. *DCD Programs, Ltd.*, 833 F.2d at 187 (a motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the moving party); *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt" (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Nonetheless, in the absence of an explanation for the repleading of the claim or response to BHHS' arguments, the Court recommends Plaintiff's Motion for Leave to Amend be denied with respect to reasserting the Internal Do Not Call Class claim. The Court further recommends all facts pertaining to the Internal Do Not Call Class claim be removed from the proposed SAC. However, since Fed. R. Civ. P. 15(a) is construed with "extreme liberality," the Court grants Plaintiff leave to amend her complaint to state claims based on the Do Not Call Registry and the Pre-Recorded No Consent Class.

### III.    Order

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 42) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff may file a Second Amended Complaint that includes her Do Not Call Registry Class and Pre-Recorded No Consent Class claims.

IT IS FURTHER ORDERED that Plaintiff must file the Second Amended Complaint no later than **May 9, 2024**.

IT IS FURTHER ORDERED that Defendant will have through and including **May 23, 2024** to file a responsive pleading.

IT IS FURTHER ORDERED that if an objection is filed to this Order or the Recommendation below, the due dates for Plaintiff filing her Second Amended Complaint and the responsive pleading thereto are vacated. The due date for filing the Second Amended Complaint is reset for fourteen (14) days after the Court issues its Order. The responsive pleading is due fourteen (14) days after the Second Amended Complaint is filed.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend Complaint (ECF No. 42) be DENIED in part.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion seeking to replead her dismissed Internal Do Not Call Class be DENIED and that all facts and causes of action relating to the Internal Do Not Call Class not be permitted to proceed.

Dated this 24th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).