UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KELLY USANOVIC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICANA, LLC, a Nevada company,<br><br>Defendant. | Case No. 2:23-cv-01289-RFB-EJY<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 54) of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered on April 24, 2024.

## II.  BACKGROUND

Plaintiff commenced this putative class action against Defendant Americana L.L.C. by filing a Complaint ("Original Complaint") on August 18, 2023. ECF No. 1. In the Original Complaint, Plaintiff brought two claims for violation of the Telephone Consumer Protection Act ("TCPA") on behalf of herself and two separately defined classes, the "Do Not Call Registry Class" and "Internal Do Not Call Class." On October 6, 2023, Defendant filed a motion to dismiss and motion to strike the class allegations within the Original Complaint. ECF Nos. 12, 13. On October 30, 2023, Plaintiff filed her First Amended Complaint ("FAC"). Defendant again moved to dismiss and strike the class allegations in the FAC. ECF Nos. 26, 28. Subsequently, Plaintiff voluntarily dismissed her claim on behalf of the "Internal Do Not Call Class" without prejudice. ECF No. 34. On November 28, 2023, discovery was stayed pending the resolution of the motions to dismiss and motions to strike class allegations. ECF No. 33. Plaintiff sought to amend her FAC

on February 12, 2024. ECF No. 42. On April 24, 2024, the Honorable Elayna J. Youchah, United States Magistrate Judge, issued an Order and Report and Recommendation. ECF No. 54. Judge Youchah granted Plaintiff's motion to amend in part, allowing Plaintiff to file a Second Amended Complaint that included her reasserted "Do Not Call Registry Class" and new "Pre-Recorded No Consent Class" claims. However, Judge Youchah denied the motion to amend as it related to Plaintiff's reasserted "Internal Do Not Call Class." Judge Youchah further recommended that Plaintiff's "Internal Do Not Call Class" claim not be permitted to proceed as Plaintiff had previously voluntarily dismissed this claim and provided no explanation for its reassertion in the SAC. Objections to the Report and Recommendation were due on May 8, 2024. No party objected. On May 9, 2024, Plaintiff filed her Second Amended Complaint ("SAC") which only includes claims on behalf of the "Do Not Call Registry Class" and "Pre-Recorded No Consent Class." Defendant filed its responsive pleadings, including a motion to dismiss and motion to strike the class allegations from the SAC on May 15, 2024. ECF Nos. 60, 61.

### III.   DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due by May 8, 2024. No objections have been filed.

The Court nonetheless has conducted a de novo review. The Court concurs with the Magistrate Judge and denies Plaintiff's motion to amend as it relates to the "Internal Do Not Call Class" and thus this claim shall not proceed at this time. Plaintiff has consented to this denial in light of her failure to provide an explanation in either her opening or reply brief as to why she was

reasserting this claim that she had previously voluntarily dismissed. See LCR 47-3; Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (denial of leave to amend appropriate where plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally.") (internal quotation marks and citations omitted).

However, the Court writes to clarify that this Order has no effect on Plaintiff's voluntary dismissal of the claim without prejudice. In other words, the Court declines to bar the "Internal Do Not Call Class" from being permitted to proceed under any circumstances at any future point in the litigation. When Plaintiff voluntarily dismissed the Internal Do Not Call Class, she did so without prejudice and discovery against Defendant has been stayed since November 2023. Thus, the Court cannot say at this early stage of the litigation that Plaintiff's complaint could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("Because the district court did not determine, nor can we conclude, that the allegation of other facts could not possibly cure the deficiencies in [Doe's] complaint, the district court abused its discretion in dismissing [the complaint] with prejudice.") (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 54) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend is **DENIED** as to the previously dismissed Internal Do Not Call Class. The denial of motion is without prejudice.

In light of Plaintiff's filing of the Second Amended Complaint, **IT IS FURTHER ORDERED** that Defendant's motion to dismiss and motion to strike class allegations from the Original Complaint (ECF Nos. 12, 13) and motions to dismiss and strike class allegations from the First Amended Complaint (ECF Nos. 26, 28) are all **DENIED** without prejudice as moot.

DATED: May 28, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**